**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSE SANCHEZ PINEDA,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 97-1019

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A73-733-544)

Argued: April 8, 1998

Decided: October 5, 1998

Before ERVIN and HAMILTON, Circuit Judges, and OSTEEN,
United States District Judge for the Middle District of
North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Donald Louis Schlemmer, Washington, D.C., for Peti-
tioner. Marion Edward Guyton, Office of Immigration Litigation,
Civil Division, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent. **ON BRIEF:** Frank W. Hunger,
Assistant Attorney General, Richard M. Evans, Assistant Director,
Office of Immigration Litigation, Civil Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Jose Sanchez Pineda seeks reversal of a final order of the Board of Immigration Appeals (BIA), denying his application for asylum and withholding of deportation. We affirm the BIA's order because it is supported by reasonable, substantial, and probative evidence. Petitioner fails to show that the evidence before the BIA was so compelling that a reasonable fact finder would have to conclude that Petitioner was persecuted or that he possessed a well-founded fear of persecution in his native country.

Petitioner, a native and citizen of El Salvador, illegally entered the United States in 1993. In 1994, he applied for asylum, pursuant to 8 U.S.C. § 1158(a).

Respondent Immigration and Naturalization Service (INS) commenced deportation proceedings against Petitioner in 1995. Petitioner admitted the charges and conceded deportability. He then renewed his application for asylum under § 1158(a) and applied for withholding of deportation pursuant to 8 U.S.C. § 1253(h)(1).

Petitioner was the only witness at a hearing before an immigration judge (IJ). He alleged that he served in the El Salvador military from 1984 to 1991, during which time he and his family received numerous death threats from the FMLN, a communist organization in El Salvador. According to Petitioner, the FMLN subsequently killed his brother because of Petitioner's military service. Petitioner further alleged that after his brother's death, the FMLN continued to threaten Petitioner and his family. Petitioner alleged that when he left the military and joined ARENA, a pro-democracy political party in El Salvador, the FMLN continued to make death threats. Petitioner further alleged that he fled El Salvador because he feared the FMLN would kill him because of his military service and membership in ARENA.

2

After hearing this testimony and reviewing Petitioner's asylum application, the IJ found Petitioner, "in many respects," incredible. Citing Petitioner's lack of credibility and the improved conditions in El Salvador, the IJ held Petitioner ineligible for asylum or withholding of deportation because Petitioner failed to establish that he was persecuted or that he possessed a well-founded fear of persecution. The IJ ordered that Petitioner be deported. Petitioner appealed to the BIA.

Relying on the IJ's express reasoning, the BIA affirmed the order of deportation. The BIA found that Petitioner had "not specifically refuted the inconsistencies that formed the basis of the Immigration Judge's conclusion that he was not credible." The BIA held that Petitioner was ineligible for asylum or withholding of deportation because he failed to establish that he suffered persecution or that he possessed a well-founded fear of persecution. This appeal followed.

Petitioner argues that the BIA erred when it affirmed the IJ's order denying his application for asylum and withholding of deportation. He contends that a fair reading of the record demonstrates that he was persecuted and that he possesses a well-founded fear of persecution in El Salvador. We disagree.

Generally, where the BIA conducts a de novo review of an IJ's decision, we review only the BIA's findings and order, not those of the IJ. Gandarillas-Zambrana v. Board of Immigration Appeals, 44 F.3d 1251, 1255 (4th Cir. 1995). However, where as here, the BIA merely relies on the express reasoning of the IJ, the IJ's reasoning will be the sole basis for our review. Id.

Petitioner sought asylum under § 1158(a) and withholding of deportation under § 1253(h)(1). The Attorney General may grant asylum under § 1158(a) to any alien who demonstrates that he is a refugee within the meaning of § 1101(a)(42)(A). 8 U.S.C. § 1158(b)(1). A refugee is an alien who is "unable or unwilling" to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The IJ, as the Attorney General's delegate, "is not required to grant asylum to everyone who meets the definition of ref-

3

ugee. Instead, a finding that an alien is a refugee does no more than establish that `the alien may be granted asylum in the discretion of the Attorney General.'" INS v. Cardoza-Fonseca, 480 U.S. 421, 428 n.5 (1987).

Under § 1253(h)(1),* the Attorney General must withhold deportation to a particular country if an alien demonstrates that his "life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." Subject to certain exceptions not relevant here, an alien who satisfies this standard "is automatically entitled to withholding of deportation." Cardoza-Fonseca, 480 U.S. at 443-44. The IJ, as the Attorney General's delegate, is without discretion under § 1253(h)(1). Id. at 429.

The standard for withholding of deportation is different from the standard for asylum. Id. at 446. To qualify for withholding of deportation, the alien must "establish by objective evidence that it is more likely than not that he or she will be subject to persecution upon deportation." Id. at 430. The alien must show "a clear probability of persecution." Tarvand v. U.S. Immigration & Naturalization Serv., 937 F.2d 973, 975 (4th Cir. 1991). The IJ may not consider the subjective mental state of the alien. Cardoza-Fonseca, 480 U.S. at 430-31.

The standard for asylum is less stringent. The alien must establish persecution or a well-founded fear of persecution. 8 U.S.C. §§ 1158(b)(1), 1101(a)(42)(A). This standard contains both a subjective and an objective component. Cardoza-Fonseca , 480 U.S. at 430-31. An alien may satisfy the subjective element through credible and persuasive testimony demonstrating persecution or a"genuine" fear of persecution. Figeroa v. U.S. Immigration & Naturalization Serv., 886 F.2d 76, 79 (4th Cir. 1989). The objective component is satisfied by credible, direct, and specific documentary evidence of persecution or threat of persecution. Id. We recognize, however, that:

_____

*In 1996, Congress amended § 1253 by deleting subsection (h) and adding provisions relating to penalties related to removal. See 8 U.S.C. § 1253 (West Supp. 1998) (historical and statutory notes).

4

> refugees sometimes are in no position to gather documentary evidence establishing specific or individual persecution or a threat of such persecution. Accordingly, if documentary evidence is not available, the applicant's testimony will suffice if it is credible, persuasive, and refers to "specific facts that give rise to an inference that the applicant has been or has a good reason to fear that he or she will be singled out for persecution . . . ."

Id. at 80 (quoting Cardoza-Fonseca v. U.S. Immigration and Naturalization Serv., 767 F.2d 1448, 1453 (9th Cir. 1985) (quoting Carvajal-Munoz v. INS, 743 F.2d 562, 574 (7th Cir. 1984))). An applicant who fails to satisfy the standard for asylum cannot satisfy the more stringent standard for withholding of deportation. Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 1000-01 (4th Cir. 1992).

We must uphold the BIA's decision if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4). We reverse "only if the evidence presented by [Petitioner] was such that a reasonable factfinder would have to conclude that" he suffered persecution or possesses a well-founded fear of persecution. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). This narrow scope of review "recognizes the respect we must accord both the BIA's expertise in immigration matters and its status as the Attorney General's designee in deportation decisions." Huaman-Cornelio, 979 F.2d at 999.

We also review for substantial evidence the BIA's credibility findings. Figeroa, 886 F.2d at 78. We give the BIA's credibility findings substantial deference provided they are supported by "specific, cogent reason[s]." Id. at 78-79 (quoting Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir. 1987)).

Petitioner initially contests the IJ's credibility finding. The IJ found Petitioner incredible because his uncorroborated testimony was inconsistent with his asylum application:

> The statements which he gave in his asylum application . . . are different in a dramatic fashion from his testimony here today.

5

> For example, he states in the asylum application that he does not know who killed his brother Pedro. Here today, [Pineda] testifies that it was the FMLN. Similarly, he states in [his asylum application] that he was "accused" of belonging to a political party. Here, he states that he was a member of the Arena Party . . . .
>
> In any event, it is not clear why or how Pedro died. I would note that this fact, along with everything else in this case lacks corroboration . . . .
>
> To the extent that corroboration has not been supplied in this case, it certainly undermines any claim made by [Pineda] -- especially in view of the conflicting information given in his asylum application and his oral testimony.

(A.R. at 53-54.)

The BIA agreed with the IJ's finding with respect to Petitioner's credibility:

> As noted by the Immigration Judge, there are significant discrepancies between [Pineda's] asylum application and his testimony which he has not resolved on appeal. We further agree that the lack of corroborating evidence is significant in light of these discrepancies.
>
> While every asylum claim will be accorded a thorough and compassionate consideration, neither the Immigration Judge nor this Board is at liberty to ignore such evidentiary gaps as are presented here (citation omitted). [Pineda's] contradictory testimony regarding what happened to him in El Salvador does not substantiate his specific claim of persecution. Where there are significant, meaningful evidentiary gaps, applications will ordinarily have to be denied for failure of proof.

(A.R. at 2-3.)

6

Petitioner argues that when he stated in his asylum application that he did not know who killed his brother, he meant that he did not know the exact person within the FMLN who killed his brother. He contends that his subsequent testimony that the FMLN killed his brother is not inconsistent with his application. He further argues that his statement in the asylum application that he was accused of being a member of a political party is not inconsistent with his testimony that he was a member of ARENA. According to Petitioner, one can be accused of being a member of a political party and at the same time be a member of such party. He further contends that even if his testimony were inconsistent with his application, "minor inconsistencies" in an asylum application are not grounds for an adverse credibility finding.

We conclude that substantial evidence supports the IJ's credibility finding. When he applied for asylum and withholding of deportation, Petitioner did not allege that the FMLN killed his brother or that he belonged to ARENA. Yet, when he testified, he asserted that the FMLN killed his brother and that he belonged to ARENA. These are not minor inconsistencies. Petitioner's claims for asylum and withholding of deportation hinge on these two most important allegations. Given these significant inconsistencies plus Petitioner's failure to produce any corroborating evidence, the IJ reasonably and properly found Petitioner incredible. We defer to this conclusion because it is supported by specific, cogent reasons and substantial evidence.

The IJ ruled that even assuming Petitioner's testimony was credible, he failed to establish that he was persecuted or that he possessed a well-founded fear of persecution. We conclude that reasonable, substantial, and probative evidence supports this ruling. Petitioner failed to present evidence that would compel a different conclusion.

First, Petitioner failed to satisfy the objective component of the asylum standard because he did not provide the IJ with specific and credible documentary evidence of persecution or of a threat of persecution. He merely relied on his own uncorroborated testimony, which the IJ found incredible, and El Salvador's history of civil and political unrest. As the IJ noted, however, the conditions in El Salvador have improved in recent years. Relying on a recent State Department profile of El Salvador, the IJ noted:

7

> The civil war is over. The State Department advisory states very clearly that "there are no confirmed cases of politically motivated cases." (Citation omitted.)

> Whatever problems there may have been years ago, the situation is much improved in El Salvador, and there is no showing that [Petitioner] currently has any legitimate objective fears of returning to his native country.

(A.R. at 54-55.)

The State Department report is substantial evidence that the civil and political unrest in El Salvador has largely subsided in response to peace accords and democratic elections. Petitioner failed to produce any objective evidence confirming political killings in El Salvador or showing that his brother's death was politically motivated.

Next, Petitioner failed to satisfy the subjective component of the asylum standard. Even assuming that documentary evidence was unavailable, substantial evidence supports the IJ's finding that Petitioner's testimony did not credibly and persuasively demonstrate persecution or a genuine fear of persecution. Significant inconsistencies between Petitioner's asylum application and his testimony undermine his claim that he was persecuted or that he possesses a well-founded fear of persecution.

Petitioner's lack of credibility and failure to produce corroborating evidence, and the recent State Department profile of El Salvador are reasonable, substantial, and probative evidence that support the IJ's ruling that Petitioner is ineligible for asylum. Because Petitioner failed to establish eligibility for asylum under § 1158(a), he cannot satisfy the more stringent standard for withholding of deportation under § 1253(h)(1). We affirm the BIA's order denying Petitioner's application for asylum and withholding of deportation.

AFFIRMED

8